CORNELIA COLE v. FREDERICK L. WELLS.

*Deed conveying riparian rights—Ejectment.*

A deed describing the land by a boundary running to a stream and thence along its bank, and reserving the right of using the river in front for a specified time, conveys the land to the water's edge and covers the riparian rights to the middle of the stream.

Ejectment will lie at the suit of a riparian owner against one who without right has driven piles and constructed a boom in front of plaintiff's land, and done other acts indicative of ownership and to the exclusion of the plaintiff from the use of the stream.

Error to St. Clair. Submitted Oct. 17. Decided Oct. 31.

EJECTMENT. Defendant brings error. Affirmed. The premises were conveyed by defendant's mother to plain-

tiff's husband August 14, 1872, under the following description: "All that certain piece or parcel of land situate and being in the city of Port Huron, county of St. Clair, and State of Michigan, and more particularly known and described as follows, to wit: Commencing on the northerly bank of Indian Creek, so called, with its intersection with the easterly side of Water street; thence northerly along the easterly side of Water street, one hundred and sixty feet to a stake, thence easterly at right angles with said Water street to the bank of Black river; thence along the bank of Black river, down stream to the bank of Indian creek, thence along the bank of said Indian creek, up stream to the place of beginning; this being a portion of the land conveyed to the late John Wells by deed from Lorenzo M. Mason recorded in Book R. of Deeds on pages 250 and 251. Reserving the right of using the river in front of said land for the booming of logs for seven years from date."

Plaintiff's husband conveyed to her May 31, 1879, and defendant continued to use the water front after the period reserving the right to do so had expired.

*Avery Brothers* for appellant. The owner of city lots bounded on navigable streams, like the owner of any other lands thus bounded, may limit his conveyance thereof within specific limits: *Watson v. Peters* 26 Mich. 517; the language used in the deed excluded the soil under water: *Starr v. Child* 5 Denio 599; *Halsey v. McCormick* 13 N. Y. 296; *Howard v. Ingersoll* 13 Howard 381; *Rockwell v. Baldwin* 53 Ill. 19; *Nickerson v. Crawford* 16 Me. 245; see *Grand Rapids & Ind. R. R. v. Heisel* 38 Mich. 72; navigable streams in Michigan are highways by water; and ejectment will not lie to recover possession of highways or to keep them clear of unauthorized impediments: *Grand Rapids Boom Co. v. Jarvis* 30 Mich. 319; *Bay County v. Bradley* 39 Mich. 166; *Grand Rapids v. Whittlesey* 33 Mich. 110; *Child v. Chappell* 9 N. Y. 251; *Taylor v. Gladwin* 40 Mich. 232; Tyler on Ejectment 37, 43; neither forcible entry nor ejectment will lie for the forcible taking of possession of a ferry and the banks and shores of a river: *Rees v. Lawless* 12 Am. Dec. 295 and citations; ejectment will only lie for property that is tangible, whereof possession

can be given as matter of fact: Chitty Pl. 1, 188 ; *Nichols v. Lewis* 15 Conn. 144 ; ejectment will not lie where defendant claims and enjoys only an easement, as a right to flow the land: *Wilklow v. Lane* 37 Barb. 244.

*Frank Whipple* for appellee.    Ejectment will lie for anything attached to the soil of which the sheriff can deliver possession (*Rowan v. Kelsey* 18 Barb. 484) against a party who has exclusively appropriated a portion of a highway to his own use, or appropriates it to any other use than his servitude: *Wager v. Troy Union R. R. Co.* 25 N. Y. 526 ; *Wright v. Carter* 3 Dutch. N. J. 76 ; *Carpenter v. Oswego & Syracuse R. R.* 24 N. Y. 655 ; *Lozier v. N. Y. Central R. R.* 42 Barb. 465 ; *Jackson v. Hathaway* 15 Johns. 447 ; *Stackpole v. Healy* 16 Mass. 35 ; *Morgan v. Moore* 3 Gray 319 ; the soil under tideless public rivers to the thread of the stream is in the owner of the adjacent bank, and he is entitled to every beneficial use of the soil under the river which can be exercised with a due regard to the public easement: *Lorman v. Benson* 8 Mich. 18 ; *Ryan v. Brown* 18 Mich. 196 ; *Rice v. Ruddiman* 10 Mich. 125 ; *Watson v. Peters* 26 Mich. 508 ; *Boom Co. v. Adams* 44 Mich. 404 ; *Att'y Gen'l v. Evart Booming Co.* 34 Mich. 474 ; a right of floatage does not give the right to boom logs or drive piles: *Grand Rapids Boom Co. v. Jarvis* 30 Mich. 308

MARSTON, J.    An examination of the description of the premises, and the reservation of the right to use the river in front thereof for the boomage of logs, as contained in the deed to the husband of plaintiff, shows a clear intention to convey the riparian rights pertaining to the land.    The description is to the bank and along the bank of Black river. This takes to the water's edge, and it is well settled in this State that the riparian rights to the center of the stream follow such a grant.    *Richardson v. Prentiss* 48 Mich. 88.

Any attempt, in a case like this, to draw a line, at a point short of the water, would but lead to confusion and uncertainty, as whether it should be a few inches or a few feet from the water line we have no means of knowing or deter-

mining. There is but one safe course, that which gives to the owner of lands, bounded by the bank or waters of a stream or lake, the rights of a riparian proprietor, unless the same have been clearly and unequivocally excluded.

Under the facts in this case we have no doubt but that the plaintiff had the right to bring and maintain ejectment. The defendant had driven piles, constructed a boom and done other acts indicative of ownership and to the exclusion of plaintiff.

The judgment must be affirmed with costs and the record will be remanded for farther proceedings under the statute.

The other Justices concurred.